**Bonnie Richardson, OSB No. 983331**
Email: bonnie@richardsonwang.com
Richardson Wang LLP
805 SW Broadway, Suite 470
Portland, Or 97205
Telephone: (503) 546-4637
Attorneys for Respondent

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | | |
|---|---|---|
| MARK WISNOVSKY and MICHAEL WISNOVSKY | ) ) ) ) | Case No. |
| | | State Case No. 23PB01717 |
| Petitioners, | ) ) | |
| vs. | ) ) ) | NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 |
| JOANNE COUVRETTE | ) ) ) | BY RESPONDENT JOANNE COUVRETTE |
| Respondent. | ) ) ) ) ) ) ) ) ) | |

Joanne Couvrette hereby removes the above-captioned matter from the Circuit Court of the State of Oregon for Jackson County pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and reserves all defenses and all objections.

## PROCEDURAL BACKGROUND

1. In January of 2021, Joanne Couvrette, as Trustee of the Ann M. Wisnovsky Trust, and with the assistance of Richardson Wang, LLP, filed a lawsuit against Mark Wisnovsky,

Page 1 – NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

Michael Wisnovsky, Valley View Winery, Inc., Ann's former attorney, Patrick Huycke, and Huycke's former law firm, Jarvis, Dreyer, Glatte, and Larsen, LLP. This lawsuit was filed in the U.S. District of Oregon's Medford Division based on diversity jurisdiction under 28 U.S.C. §1332(a) as Couvrette is a California resident while all defendants are Oregon residents and the amount in controversy is more than $75,000.

2.  In relevant part, Couvrette alleges Mark and Michael Wisnovsky committed financial elder abuse against their mother, Ann Wisnovsky. The financial impact of their abuse placed Ann in a precarious position as a vulnerable, incapacitated person needing specialized care. The case has been pending before the Hon. Mark D. Clarke since its assignment on February 1, 2021. Mark and Michael Wisnovsky are represented by Chenoweth Law Group in that case, where they have asserted counterclaims, defenses, and multiple amended answers, the most recent of which was filed on November 28, 2022.

3.  In late February 2023, Mark and Michael Wisnovsky, by and through their counsel at Chenoweth Law Group, filed a lawsuit in the Jackson County Probate Court, petitioning to remove Couvrette as Trustee of the Ann M. Wisnovsky Trust and appoint a Special Fiduciary (the "Jackson County action"). Their petition alleges jurisdiction under ORS 130.060, and venue pursuant to ORS 130.065.

4.  A true copy of all process, pleadings, and filings in the Jackson County action have been filed along with this Notice as required. In accordance with 28 U.S.C. § 1446(d), Respondent Couvrette will file a Notice of Removal with the clerk of the Jackson County Probate Court informing that court that this case has been removed to the United States District Court for the District of Oregon Medford Division.

5.  The Jackson County action contains a prayer for "(1) a judgment permanently removing Respondent [Couvrette] as trustee of the Trust and appointing [a] professional fiduciary . . . ; (2) an order immediately suspending Respondent as trustee of the Trust . . .  and

Page 2 – NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

appointing . . . special fiduciary to take possession of the Trust property and to administer the Trust while this matter is pending; (3) an order requiring Respondent to immediately provide the special fiduciary with access to and authority over all Trust records and financial information; (4) an award of attorney fees and costs . . . pursuant to ORS 130.815." Petition to Remove Trustee, page 20, lines 1-13.

6. The Jackson County action's pleadings consist of: (1) the Petition to Remove Couvrette as Trustee; (2) a Motion for Immediate Suspension of Trustee and Appointment of Special Fiduciary; (3) the Declaration of Jeffrey Frasier (a Chenoweth Law Group attorney) with an excerpt from the Deposition of Joanne Couvrette taken as part of the existing federal litigation attached as an exhibit; and (4) the Declaration of Mark Wisnovsky, a 350-page document consisting of of 18 pages of statements by Mark Wisnovsky and over 330 pages of BATES labeled discovery produced in the federal case.

7. The Jackson County action's pleadings were mailed to Joanne Couvrette in Southern California on February 27, 2023 via first class mail. *See* Verified Statement of Mailing. Under ORCP 7(D)(2)(d)(ii), service was complete March 6, 2023. Couvrette files her Notice of Removal well within the 30 days of receipt through service or otherwise required by 28 U.S.C. §1446(b).

8. By filing this Notice of Removal, Couvrette does not waive any right to object to service, its sufficiency, or venue.

## DIVERSITY JURISDICTION IS PROPER

9. This court has jurisdiction over the Jackson County action under 28 U.S.C. §1332(a). The Jackson County action is between individuals Mark and Michael Wisnovsky as petitioners and Joanne Couvrette as respondent. Couvrette is a citizen of California; Mark and Michael Wisnovsky are citizens of Oregon. They are "citizens of different States" as required under §1332(a).

10. The other jurisdictional requirement under §1332(a) is an amount in controversy

Page 3 – NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

exceeding $75,000. Courts decide whether the amount in controversy requirement has been met by first considering whether it is "facially apparent" from the complaint. *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 690 (9th Cir.2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997)). In in their petition, Mark and Michael Wisnovsky claim they seek attorney fees and costs less than $75,000. Petition to Remove Trustee. page 19, lines 24-26. The "$75,000 or less" limitation is not mentioned in their Prayer for Relief.

11. In *Guglielmino v. McKee Goods Corp.* 506 F.3d 696 (9th Cir.2007), the Ninth Circuit considered whether federal diversity jurisdiction was proper when a state court complaint that alleged a "sum . . . of damages . . . less than $75,000" but did not mention a total amount in controversy in the Prayer for Relief. *Gugliemino,* 506 F.3d at 700. The *Gugliemino* court determined that, in part because the limitation on damages was not mentioned in the Prayer for Relief, the complaint "fails to allege a sufficiently specific total amount in controversy." *Gugliemino,* 506 F.3d at 701. Here, the petition suffers from the same lack of specificity, and damages should be regarded as similarly unspecified.

12. Additionally, the Jackson County action seeks more than attorney fees and costs; It also seeks declaratory relief and the appointment of a professional fiduciary as Trustee. When plaintiffs seek declaratory relief, the amount in controversy for the purposes of federal jurisdictional analysis is measured by the value of the "object of the litigation." *Biotronik, Inc. v. Medtronic USA, Inc.,* 840 F.Supp2d 1251, 1257 (D. Or. 2012) (citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). The amount in controversy includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC,*

Page 4 – NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

840 F.3d 644, 648 (9th Cir. 2016).

13. In this case, at least one of the petitioners' hoped-for results is appointment of a professional fiduciary as Trustee. That professional's appointment is the object of the litigation. Couvrette, as Trustee has never taken compensation from the Trust. A professional fiduciary would need to be paid for her services. Given the litigious and harassing behavior that Mark and Michael Wisnovsky have directed at the current Trustee, it is likely the professional's fees would amount to many thousands of dollars, but at the very least there would be some cost to the Trust for her services. Therefore, the value of the object of the litigation is at least $1, and probably many thousands more.

14. Courts can "aggregate the value of all of the plaintiff's claims to determine whether the jurisdictional minimum was satisfied." *Sky-Med, Inc. v. Fed. Aviation Admin.* 965 F.3d 960, 966 (9th Cir.2020) (citing *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). While multiple plaintiffs may not aggregate unrelated claims, where, as here, the claims are related to a common, undivided interest, multiple plaintiffs' claims may be aggregated to meet the amount in controversy. Therefore, even with their dubious limitation to seek $75,000 or less in attorneys' fees, when the cost of a professional fiduciary's services are aggregated, the Jackson County action seeks more than $75,000 and satisfies the amount in controversy requirement for diversity jurisdiction.

## NATURE OF THE CASE

15. The Jackson County action was filed in Jackson County Probate Court, but it is not a probate action. It is a matter of trust interpretation and enforcement. The distinction is important because of the federal court jurisdiction probate exception, which "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."

Page 5 – NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

*Marshall v. Marshall*, 547 U.S. 293 (2006). The Ninth Circuit has explained that "the probate exception prevents a federal court from probating a will, administering a decedent's estate, or disposing of property in the custody of a state probate court." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017).

16. The Jackson County action does not seek to administer the estate, probate a will, or dispose of any property. The case alleges breaches of fiduciary duty by the Trustee and asks for her removal. Petition to Remove Trustee, pages 17-19.

17. While federal courts generally will not exercise jurisdiction over probate matters, the Jackson County action is not a probate matter that falls within that exception. Therefore, this court is permitted to exercise its jurisdiction over the matter.

18. WHEREFORE, Respondent Joanne Couvrette asks that the case be removed to the United States District Court for the District of Oregon pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED this 21st day of March, 2023.

RICHARDSON WANG LLP

By: _____
Bonnie M. Richardson, OSB No. 983331
bonnie@richardsonwang.com
Attorney for Respondent

Trial Attorney:  Bonnie Richardson

**RICHARDSON WANG LLP**
805 SW Broadway, Suite 470
Portland, OR 97205
Telephone:  (503) 546-4637

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, I caused to be served a copy of the foregoing NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY RESPONDENT JOANNE COUVRETTE on the following person in the manner indicated below at the following addresses:

James R. Dole
Watkinson Laird Rubenstein PC
1245 NE 7th Street, Suite B
Grants Pass, OR 97526
*Attorney for Defendants Michael*
*Wisnovsky and Mark Wisnovsky*

Jeffrey Frasier
Chenoweth Law Group PC
510 SW 5th Avenue, 4th Floor
Portland, OR 97204
*Attorney for Defendants Michael*
*Wisnovsky and Mark Wisnovsky*

☒ by **CM/ECF**

☒ by **Electronic Mail**

☐ by **US Postal Service**

☐ by **Hand Delivery**

☐ by **Overnight Delivery**

By _____
Bonnie Richardson, OSB No. 983331
bonnie@richardsonwang.com
Attorney for Respondent

CERTIFICATE OF SERVICE