IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARK WISNOVSKY and,
MICHAEL WISNOVKSY

                Petitioners,

      v.

JOANNE COUVRETTE,

                Respondent.

Case No. 1:23-cv-00414 - CL

**OPINION AND ORDER**

_____

CLARKE, Magistrate Judge.

This case arises from the parties' dispute involving the administration of their mother's *inter vivos* trust, originally filed in state probate court. The case was removed to this Court on March 21, 2023. (ECF #1). Full consent to magistrate jurisdiction was entered on June 14, 2023. (ECF #28). The case comes before the Court on the Petitioners' Amended Motion for Remand (ECF #9). Oral argument was heard on June 6, 2023. The case is related to another case before this Court, *Couvrette v. Wisnovsky.* No. 1:21-CV-00157-CL (ECF #1). For the reasons below, the Petitioners' Amended Motion for Remand (ECF #9) is GRANTED.

## BACKGROUND

Ann Wisnovsky created an *inter vivos* revocable trust ("Trust") on August 2, 2012. Pet. to Remove Trustee Ex. A, 1 (ECF #2). The Trust assets include: 100% membership interest in Upper Applegate, LLC; 100% membership interest in Wisnovsky Land, LLC; the right to collect rent on properties held by either LLC; and all of Ann Wisnovsky's personal property. Pet. to Remove Trustee ¶ 6. Petitioners are children of Ann Wisnovsky and qualified beneficiaries of the Trust. *Id.* at ¶ 1, 2. Respondent is also a child of Ann Wisnovsky, a qualified beneficiary and acting Trustee of the Trust. *Id.* at ¶ 2, 3. The Trust Agreement identifies the applicable law as:

> [e]xcept as otherwise provided in this agreement, the construction of this agreement shall be determined in accordance with Oregon law. For purposes of determining the distribution of any of the trust estate and the rights of beneficiaries, Oregon law regarding wills existing at the date of this agreement shall be applied as if the Grantor was a testator and the beneficiaries were devisees.

Pet. to Remove Trustee Ex. A, 22–23.

On January 29, 2021, Respondent filed a complaint in this Court against the Petitioners seeking monetary damages. *Couvrette v. Wisnovsky*, No. 1:21-CV-00157-CL, Compl. (ECF #1). The complaint also included claims against a lawyer who is not a party in the instant case. *Id.* The basis for the Respondent's claims arose from the Petitioners' interactions with Ann Wisnovsky and the use and management of Ann Wisnovsky's property. *Id.* ¶ 14–45.

On April 8, 2022, Petitioners filed a counterclaim in this Court against the Respondent and Wisnovksy Land, LLC, seeking, *inter alia*, declaratory judgments and monetary damages. *Couvrette v. Wisnovsky*, Answer, Affirm. Def., and Countercl. (ECF #52). The basis for the Petitioners' counterclaims arose from the Respondent's interactions with Ann Wisnovsky and the use and management of Ann Wisnovsky's property. *Id.*

On February 2, 2023, Petitioners filed a Petition to Remove Trustee in the Circuit Court of the State of Oregon for the County of Jackson Probate Department. (ECF #2). The Petition to Remove Trustee seeks the removal of Respondent as trustee of the Trust, to appoint a special fiduciary to take possession of Trust property and administer the Trust, and an award of attorney fees and costs against Respondent or payable by the Trust. *Id.* at 20.

On March 16, 2023, Ann Wisnovsky died. Pet'rs' Am. Mot. for Remand 5 (ECF #9).

On March 21, 2023, Respondent filed Notice of Removal to Federal Court in this Court. (ECF # 1).

On April 4, 2023, Petitioner filed Motion to Remand to the Circuit Court of the State of Oregon for the County of Jackson Probate Department. (ECF #8).

## DISCUSSION

### I.    The Petitioners' Motion for Remand should be GRANTED.

Petitioners move for an order remanding this case to the Probate Division of the Jackson County Circuit Court of the State of Oregon, where it was originally filed. Petitioners base their motion on the grounds that removal was improper because the probate exception applies and, alternatively, that diversity jurisdiction is improper because the amount in controversy is less than $75,000. Respondent opposes Petitioners' motion, arguing that it is inapt primarily because: (1) the probate exception does not apply to *inter vivos* trusts; (2) Oregon probate courts do not have jurisdiction over *inter vivos* trusts; (3) Ann Wisnovsky was still alive when the action was initially filed in probate court; (4) removal and replacement of Trustee do not involve the administration of the decedent's estate; and (5) diversity jurisdiction is proper because the amount in controversy exceeds $75,000. For the reasons below, the Petitioner's Amended Motion for Remand should be GRANTED.

**A. The Probate Exception Reserves to State Courts the Administration of a Decedent's Estate and Applies to *Inter Vivos* Trust Instruments That Act as Will Substitutes.**

"The probate exception is a jurisdictional limitation on federal courts that 'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.'" *Hollander v. Irrevocable Tr. Established by James Brown in Aug. 1, 2000*, 2011 WL 2604821, at *2 (C.D. Cal. June 30, 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). It applies to both diversity and federal question subject matter jurisdiction. *See In re Marshall*, 392 F.3d 1118, 1132 (9th Cir. 2004), *rev'd on other grounds*, *Marshall*, 547 U.S. at 314–15. "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 312. The probate exception is limited to circumstances where "a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court." *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) (quoting *Three Keys Ltd. v. SR Util. Holding Co*, 540 F.3d 220, 227 (3d Cir. 2008). The instant case does not involve the first or third circumstances but solely the second circumstance—administration of a decedent's estate— and, specifically, whether the probate exception applies to the administration of a decedent's *inter vivos* trust instrument.

In *Marshall*, the Supreme Court defined the scope of the probate exception. *Marshall*, 547 U.S. at 310-11. Although the Supreme Court in *Marshall* did not explicitly state that the probate exception applies to *inter vivos* trusts, the Supreme Court applied probate exception analysis to an *inter vivos* trust. *Id.* at 312-15. Furthermore, the Ninth Circuit's *In re Marshall*

decision held that the probate exception applies to *inter vivos* trusts, and the Supreme Court did

not address this part of the decision. *Chabot v. Chabot*, 2011 WL 5520927, at \*4 (D. Idaho Nov.

14, 2011) (citing *In re Marshall*, 392 F.3d 1118, 1135 (9th Cir. 2004), *rev'd and remanded sub*

*nom.*, *Marshall*, 547 U.S. 293 (holding "[party] cannot avoid the probate exception simply by

stating that the trust which she claims was to be created for her benefit was an inter vivos

trust")). "Under these circumstances, . . . [the Supreme Court in] *Marshall* implicitly held that

the probate exception analysis applies to trusts that act as will substitutes." *Id.* Lower courts

within the Ninth Circuit have also held that "the probate exception applies to trust instruments

that act as will substitutes." *Profita v. Andersen*, 2018 WL 4199214, at \*3 (C.D. Cal. Aug. 8,

2018), *report and recommendation adopted*, 2018 WL 4191611 (C.D. Cal. Aug. 31, 2018), *aff'd*,

771 F. App'x 414 (9th Cir. 2019) (probate exception applies to administration of family trust)

(citing *Chabot*, 2011 WL 5520927, at \*4); *see also Chabot*, 2011 WL 5520927, at \*4 (probate

exception applies to removal of trustee of inter vivos trust); *Feeley v. Earl*, 2017 WL 9084966, at

\*4 (D. Or. June 27, 2017), *report and recommendation adopted as modified*, 2017 WL 3151257

(D. Or. July 25, 2017) (probate exception applies to disposal of property in family trust); *Vaughn*

*v. Montague*, 924 F. Supp. 2d 1256, 1269 (W.D. Wash. 2013) (under probate exception court

lacked jurisdiction to settle decedent's trust); *Deutsch v. Klein*, 2023 WL 3075880, at \*1 (C.D.

Cal. Apr. 25, 2023) (action involving validity of trust rather than probate of will does not

preclude application of probate exception).

In sum, the Supreme Court's implicit holding in *Marshall*, Ninth Circuit precedent, and

the weight of persuasive authority within the Ninth Circuit support the conclusion that the

probate exception applies to the administration of *inter vivos* trust instruments that act as will

substitutes. Having determined that the probate exception applies to *inter vivos* trust instruments

that act as a will substitute, the Court must next address whether Oregon probate courts have jurisdiction to resolve disputes involving the administration of such instruments.

### B. Oregon Probate Courts Resolve Disputes Involving *Inter Vivos* Trust Administration After the Settlor Dies.

The Respondent argues that Oregon probate courts lack jurisdiction over disputes involving *inter vivos* trusts. Resp. to Pet'rs' Am. Mot. 9 (ECF # 10). The way a state chooses to organize its probate code and the jurisdiction of its probate courts are not dispositive for determining whether the probate exception applies. *See Marshall*, 547 U.S. at 314 (holding state assigning claim genre exclusively to probate court doesn't preclude federal jurisdiction); *see also Goncalves*, 865 F.3d at 1253 (holding provisions governing claim being in state probate code does not make proceeding probate). Although it is not dispositive for purposes of probate exception analysis, Oregon probate courts may resolve *inter vivos* trust administration disputes after the settlor dies, including removing a trustee. *See Holst v. Purdy*, 117 Or. App. 307, 315 (1992) (remanding *inter vivos* trustee administration issue to probate court). In Oregon, "even though the existence of an *inter vivos* trust may eliminate the need for a probate proceeding when the settlor of the trust dies, there may be some situations in which a probate is either necessary or desirable." *Administering Trusts in Oregon* (OSB Legal Pubs 2018) at § 1.9-2. "If the heirs or beneficiaries disagree over the validity or interpretation of the dispository document, either a *trust* or a will, the *probate court* must resolve the dispute." *Id.* at § 1.9-2(a) (emphasis added).

> [A] probate proceeding may be beneficial even if all the decedent's property was owned or titled in a way that allows transfer to the beneficiaries without court intervention. For example, when there are disputes among the beneficiaries or disputes about the validity of the estate planning documents, a probate proceeding provides a court-supervised forum to resolve those disputes.

*Id.* at § 1.9-2(b).

The Petition to Remove Trustee was filed in the Jackson County Circuit Court's Probate Department, which has the appropriate jurisdiction. *See Holst*, 117 Or. App. at 315; *Administering Trusts in Oregon* (OSB Legal Pubs 2018) at § 1.9-2. Respondent argues that the probate exception is inapplicable because the Petition to Remove Trustee was filed while Ann Wisnovksy was alive. Resp. to Am. Mot. for Remand 5 (ECF #10). But federal jurisdiction must exist at the time the petition for removal is filed. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Ann Wisnovsky was deceased at the time Respondent filed Notice of Removal. Pet'rs' Reply in Supp. of Am. Mot. for Remand 3 (ECF #17). Therefore, the probate exception is not precluded because the requisite jurisdiction must exist at the time of removal to federal court rather than when the Petition to Remove Trustee is filed. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

### C.  The Probate Exception Bars This Court from Administering the Trust.

As discussed above, the probate exception bars federal court jurisdiction in adjudicating matters involving the administration of *inter vivos* trust instruments that act as will substitutes. In this case, the Trust appears to be the centerpiece of the decedent's estate, acting as a will substitute. *See* Pet. to Remove Trustee ¶ 6; *see also* Pet. to Remove Trustee Ex. A, 22–23 (stating "For purposes of determining the distribution of any trust estate and the rights of beneficiaries, Oregon law regarding wills . . . shall be applied as if Grantor was a testator and the beneficiaries were devisees."). The Respondent asks this Court to remain involved in a dispute regarding removing the Trustee and appointing a successor trustee. Notice of Removal 6 (ECF #1). However, the removal of a trustee and court appointment of a trustee involve the court in the

administration of the decedent's estate. *Cf. Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620, 622 (9th Cir. 2016) (holding "appointment of a personal representative falls within the probate exception because it, essentially, seeks that a court issue letters of administration"); *Simmers v. King Cnty.*, 2021 WL 1907820, at *2 (W.D. Wash. May 12, 2021) (holding appointing personal representative is administration of estate). Because the removal of a trustee and court appointment of a trustee involves the court in the administration of the decedent's estate, the probate exception applies. *Cf. id.* Here, the removal of Joanne Couvrette and appointment of a special fiduciary necessarily involve the court in administrating the Trust, which acts as a will substitute. Therefore, the probate exception applies. Because the probate exception applies and bars federal diversity jurisdiction, this case should be remanded to the Probate Division of the Jackson County Circuit Court of the State of Oregon, where it was originally filed.

As a final matter, the Court need not address the issue of improper diversity jurisdiction related to the amount in controversy because the probate exception bars diversity jurisdiction in this case.

## ORDER

For the reasons above, the Petitioner's Amended Motion for Remand is GRANTED.

IT IS SO ORDERED and DATED this ___9___ day of November, 2023.

MARK D. CLARKE
United States Magistrate Judge